## UNITED STATES v. BEAUGH.

(District Court, W. D. Louisiana, Opelousas Division. June 25, 1924.)

### No. 3928.

**1. Indictment and information ⬤➡6 — Defendant may be indicted for offense committed in another division of district.**

An indictment is not invalid because found by a grand jury sitting in a division of the district other than that in which the offense is charged to have been committed.

**2. Indictment and information ⬤➡6—Grand jury drawn exclusively from one division of district may not indict for offense committed in another division.**

A grand jury drawn exclusively from one division of a district, to investigate offenses committed therein, may not indict for an offense alleged to have been committed in another division.

Criminal prosecution by the United States against Mentor E. Beaugh. On motion to quash indictment. Granted.

P. H. Mecom, U. S. Atty., and A. M. Pyburn, Asst. U. S. Atty., both of Shreveport, La.

L. Austin Fontenot, of Opelousas, La., for defendant.

DAWKINS, District Judge. Defendant has moved to quash the indictment in this case upon the grounds:

First. That the indictment was returned at Alexandria when the charge shows upon its face that the alleged offense was committed in the Opelousas division:

Second. That if the court should hold that it might have been returned by a grand jury sitting at Alexandria, it was improper that the indictment should have been found by a grand jury drawn exclusively from and for that division.

[1] 1. The first question has been settled by the Supreme Court in the recent consolidated cases of Salinger, Jr., v. Loisel, Marshal (Nos. 341, 342, and 705) 265 U. S. 224, 44 S. Ct. 519, 68 L. Ed. 989, in which it was held that the Judicial Code made no change in the law which permitted an indictment to be returned by a grand jury drawn for and from the whole district sitting in any one of its divisions; the holding being that the finding of the indictment was no part of the prosecution contemplated by the Code, and that such investigation might be had and charges preferred thereon accordingly.

[2] 2. On the second point, however, it is admitted that the grand jury at Alexandria was drawn exclusively from that division to investigate offenses committed therein, and I am of the opinion, therefore, that

it had no power to inquire for the whole district under these circumstances. It is true that the court may, in its discretion, direct the drawing of the grand jury from such parts of the district as it sees fit; but in this instance that was not done, and the grand jury was selected and sworn to inquire for the division in which it was sitting alone.

For this reason, I think, the motion to quash is well founded and should be sustained.